# CASES

IN THE

# ORPHANS' COURT

In the Matter of the Petition to Sell Real Estate of Naomi Jefferson Short, for the payment of debts.

*Sussex, June 5, 1922.*

Though a sale of real estate made by the executor for payment of debts was authorized by the court, yet on objection to confirmation thereof by one who did not have notice of the petition for order to sell and who claims the account filed with the petition was false, in that it set forth an insufficiency of personal estate to pay debts, the executor has the burden of showing its insufficiency, such insufficiency being the jurisdictional ground for the order.

PETITION TO SET ASIDE SALE FOR PAYMENT OF DEBTS. On December 5, 1921, the executor of the decedent presented his petition to this court for an order to sell the real estate of the deceased *for the payment of debts,* under the provisions of *Chapter 99* of the *Revised Code of 1915.* An order was duly made directing the sale of the land as prayed. Upon return of the sale, the pending petition was presented by the President, Directors and Company of the Farmers' Bank of the State of Delaware, praying for an order that the sale so made by the executor be set aside and not confirmed, and asking that the petition theretofore filed praying for an order of sale be dismissed.

The petitioning bank is a judgment creditor of the executor individually, and as such has a lien upon certain lands devised to the executor by the decedent. It is these lands which the executor by his petition sought to sell for the payment of the decedents debts.

The petition of the Farmers' Bank represents that the account of the personal estate of the decedent, exhibited to this court by the executor upon the filing of his petition to sell the lands for the payment of debts, is false, and, in substance, that the personal estate of the decedent was not insufficient to pay her debts.

When the petition of the Farmers' Bank requesting that the sale be not confirmed, etc., came on for hearing, the attorneys for the executor made the point that the sale having been duly authorized by the court, and having been conducted in strict accordance with the order of the court, the burden was on the petitioning bank to show sufficient cause for refusing to confirm the sale.

WOLCOTT, Ch., and RICHARDS, J., sitting.

*Frank M. Jones*, for the petitioning Bank.

*James M. Tunnell*, for the executor.

THE COURT held otherwise. The reason for the ruling was, that the insufficiency of the personal estate to pay the debts supplied the jurisdictional ground upon which the order to sell the real estate rested; that the petitioning bank had not been made a party to the cause by service upon it of notice of the intention to present the petition; that this was the first opportunity it had to be heard in presenting its interests in the matter; and that inasmuch as if the bank had appeared and objected to the issuance of an order upon the original petition, upon the same ground as now appears, the burden would have been upon the executor to sustain the jurisdictional fact, to-wit, the insufficiency of the personal estate, now, when the bank does appear, the burden must still rest upon the executor to sustain the jurisdiction.

The court, therefore, directed that the executor should proceed with proof sustaining the account heretofore filed, by which the insufficiency of the personal estate is alleged to appear.